

**CORPORATION SERVICE COMPANY**®

# Notice of Service of Process

RVP / ALL
Transmittal Number: 9855737
Date Processed: 04/27/2012

| | |
|---|---|
| **Primary Contact:** | Davena Morgan<br>Golden Living<br>1000 Fianna Way<br>Fort Smith, AR 72919 |
| **Copy of transmittal only provided to:** | Ms. Amy Nguyen<br>Brenda Boster<br>Ms. Lisa Lowther |
| **Entity:** | GGNSC Louisville Camelot LLC<br>Entity ID Number  2498220 |
| **Entity Served:** | GGNSC Louisville Camelot, LLC d/b/a Golden Living Center-Camelot |
| **Title of Action:** | Gloria Suzanne Coke, Executor of the Estate of Gloria Neff vs. GGNSC Louisville Camelot, LLC d/b/a Golden Living Center-Camelot |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Death |
| **Court/Agency:** | Jefferson County Circuit Court, Kentucky |
| **Case/Reference No:** | 12CI02373 |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 04/27/2012 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Jeffrey T. Sampson<br>502-584-5050 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

| AOC-105       Summons Type: CI | | Case No. 12CI 02373 |
|---|---|---|
| Rev. 11-95 | | |
| Commonwealth of Kentucky<br>Court of Justice | | Court |
| CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | County: Jefferson Circuit Court<br>DIVISION THREE (3) |

Gloria Suzanne Coke, Executrix of the
Estate of Gloria Neff, Deceased                                    **PLAINTIFF**

                                                                                      **VS.**

**GGNSC Louisville Camelot, LLC**
**d/b/a Golden Living Center – Camelot**                   **DEFENDANT**

    Serve:    CSC Lawyers Incorporating Service Company
                   421 West Main Street
                   Frankfort, Kentucky 40601

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANTS:

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with this summons. Unless a written defense is made by you or by an attorney on your behalf and filed in the clerk's office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his (their) attorney(s) are shown on the document delivered to you with this summons.

Date: APR 26 2012          Clerk: DAVID L. NICHOLSON, DC
                                                CIRCUIT COURT CLERK
                                      By: _____ 14 D.C.

**PROOF OF SERVICE**

This summons was served by delivering a true copy and the complaint (or other initiating document) to:

_____

This _____ day of _____, 20 ____ .




                                                              Served By: _____

NO. **12CI02373**

JEFFERSON CIRCUIT COURT
DIVISION: CIRCUIT COURT
DIVISION THREE (3)

GLORIA SUZANNE COKE, EXECUTOR
OF THE ESTATE OF GLORIA NEFF, DECEASED     PLAINTIFF

## COMPLAINT

GGNSC LOUISVILLE CAMELOT, LLC
d/b/a GOLDEN LIVING CENTER – CAMELOT     DEFENDANT

Serve:    CSC-Lawyers Incorporating Service Co.
421 West Main Street
Frankfort, Kentucky 40601

Comes the Plaintiff, Gloria Suzanne Coke, Executrix of the Estate of Gloria Neff, Deceased and for her causes of action against Defendant states as follows:

1. Gloria Suzanne Coke brings this action pursuant to the Survival of Actions Statute (K.R.S. § 411.140) and the Wrongful Death Statute (K.R.S. § 411.130).

2. Gloria Suzanne Coke is the daughter of Gloria Neff, and a resident of Louisville, Jefferson County, Kentucky.

3. Gloria Suzanne Coke is the Executor of the Estate of Gloria Neff pursuant to the Order probating the Last Will and Testament of Gloria Neff and appointing her Executrix, Jefferson County District Court, Probate Division, Case No. 11-P-001914, and therefore brings this action on behalf of the Estate of Gloria Neff. A copy of the Certificate of Qualification, dated May 10, 2011, is attached hereto marked as **Exhibit A**.

4. Upon information and belief, Gloria Neff was admitted as a resident of Golden Living Center – Camelot located at 1101 Lyndon Lane, Louisville, Kentucky 40222-4317 on February 18, 2009. Gloria Neff remained a resident there until she was transported on December 17, 2010 to Baptist Hospital East where she ultimately died on

December 25, 2010 as a result of the substandard care she received while a resident of Golden Living Center - Camelot.

5. The Defendant, GGNSC Louisville Camelot, LLC d/b/a Golden Living Center – Camelot is a foreign limited liability company organized under the laws of Delaware authorized to do business in the Commonwealth of Kentucky, with its principal office located at 1101 Lyndon Lane, Louisville, Kentucky 40222. Upon information and belief, at all times material to this action, Defendant GGNSC Louisville Camelot, LLC owned, operated, managed, controlled, and/or provided services for Golden Living Center – Camelot in Louisville, Jefferson County, Kentucky. Upon information and belief, Defendant GGNSC Louisville Camelot, LLC was, at all times material to this action, the "licensee" of the nursing facility. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, GGNSC Louisville Camelot, LLC was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said Defendant, GGNSC Louisville Camelot, LLC in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Gloria Neff. The registered agent for service of process is CSC-Lawyers Incorporating Service Co., 421 West Main Street, Frankfort, Kentucky 40601.

6. The Defendant controlled the operation, planning, management, budget and quality control of Golden Living Center - Camelot. The authority exercised by Defendant over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all

policies and procedures used by nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendant.

7. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

8. Gloria Neff was a resident of Golden Living Center – Camelot from February 18, 2009 until shortly before her death on December 25, 2010.

9. Gloria Neff was looking to Defendant for treatment of her total needs for custodial, nursing and medical care and not merely as a site where others not associated with the facility would treat her.

10. At all relevant times mentioned herein, the Defendant owned, operated, managed and/or controlled Golden Living Center - Camelot, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

11. Defendant is directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

12. Defendant failed to discharge their obligations of care to Gloria Neff with a conscious disregard for her rights and safety. At all times mentioned herein, Defendant, through its corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by

Gloria Neff, as more fully set forth below. Defendant knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Golden Living Center - Camelot.

13. Due to the wrongful conduct of Defendant, Gloria Neff suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

    a) Urinary tract infection;

    b) Sepsis;

    c) Respiratory failure; and

    d) Death.

## **NEGLIGENCE**

14. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 13 as if fully set forth herein.

15. Defendant owed a non-delegable duty to Gloria Neff to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

16. Upon information and belief, Defendant knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Gloria Neff.

17. Defendant negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

    a) Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

        1) ensuring that the rules and regulations designed to protect

        the health and safety of the residents, such as Gloria Neff, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

    2)    ensuring compliance with the resident care policies for the facility; and

    3)    ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

b)    Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

c)    Failure to provide the minimum number of qualified personnel to meet the total needs of Gloria Neff;

d)    Failure to maintain all records on Gloria Neff in accordance with accepted professional standards and practices:

e)    Failure to ensure that Gloria Neff received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

f)    Failure to increase the number of personnel at the facility to ensure that Gloria Neff received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin, feet, nails, and oral hygiene;

g)    Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

h)    Failure to take all necessary and reasonable custodial measures to prevent the onset and progression of pressure sores during Gloria Neff's;

i)    Failure to monitor or increase the number of nursing personnel at the facility to ensure that Gloria Neff:

    1)    received timely and accurate care assessments;

    2)    received prescribed treatment, medication and diet; and

    3)    received timely custodial, nursing and medical intervention due to a significant change in condition.

j) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k) Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Gloria Neff in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l) Failure to provide adequate hygiene and sanitary care to prevent infection; and

m) Failure to provide proper custodial care.

18. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Gloria Neff. With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Gloria Neff.

19. Pursuant to KRS 446.070, Plaintiff also alleges Defendant violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Gloria Neff was injured by the statutory violations of Defendant and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence *per se* of Defendant included, but is not limited to, violation(s) of the following:

a) Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Gloria Neff;

b) Violation(s) of KRS 508.090 *et seq.*, criminal abuse, by committing intentional, wanton or reckless abuse of Gloria Neff, who was physically helpless or mentally helpless or permitting Gloria Neff, a person of whom Defendant had actual custody, to be abused. Such abuse caused serious physical injury, placed Gloria Neff in a situation that might cause her serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Gloria Neff.

c) Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Gloria Neff, who was unable to care for herself because of her illness;

d) Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

e) Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

20. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Gloria Neff suffered the injuries described in Paragraph 13. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all

other relief to which Plaintiff is entitled by law.

## CORPORATE NEGLIGENCE

20. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 19 as if fully set forth herein.

21. Gloria Neff was looking to Defendant's facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. There is a presumption that the treatment Gloria Neff received was being rendered through employees of Defendant and that any negligence associated with that treatment would render Defendant responsible. Defendant or persons or entities under their control, or to the extent Defendant were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Gloria Hoffman, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

22. Defendant owed a non-delegable duty to assist Gloria Neff in attaining and maintaining the highest level of physical, mental and psychological well-being.

23. Defendants owed a duty to Gloria Neff to maintain their facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

24. Defendant owed a duty to Gloria Neff to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Defendant to insure smoothly run facilities and adequate resident care.

25. Defendant owed a duty to Gloria Neff to provide a safe environment,

treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Gloria Neff from danger due to her inability to care for herself. Defendant had a duty to protect Gloria Neff from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her mental condition or aberration would suggest as likely to happen.

26. With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice, or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Gloria Neff.

27. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Gloria Neff suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disfigurement, hospitalization, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

28. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 27 as if fully set forth herein.

29. Defendant violated statutory duties owed to Gloria Neff as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq.* These statutory duties were non-delegable.

30. The violations of the resident's rights of Gloria Neff include:

   a) Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality;

   b) Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

   c) Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

   d) Violation of the right to be free from abuse and neglect; and

   e) Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

31. As a result of the aforementioned violations of the Resident's Rights Statutes by Defendant, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

32. With regard to the aforementioned violations of the Resident's Rights Act, Defendant acted with oppression, fraud, malice, or was grossly negligent by acting with wanton and reckless disregard for the rights of Gloria Neff and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Defendant in an amount to be

determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## WRONGFUL DEATH

33. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 32 as if fully set forth herein.

34. As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, wanton or reckless, the Defendant caused the death of Gloria Neff by their wrongful conduct.

35. Gloria Neff suffered personal injuries, including excruciating pain and suffering, mental anguish, and emotional distress. The pain, disfigurement, and loss of dignity suffered by Gloria Neff caused her family to suffer more than normal grief upon her death.

36. As a direct and proximate result of such the wrongful death suffered by Gloria Neff, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, the grief suffered by statutory beneficiaries, mental anguish, disability and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

37. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 36 as if fully set forth herein.

38. As a direct and proximate result of the negligence of Defendant as set out above, Gloria Neff suffered injuries including, but not limited to, those listed herein. As a result, Gloria Neff suffered embarrassment, physical impairment, and death.

39. Plaintiff seeks punitive and compensatory damages against Defendant in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Gloria Suzanne Coke, Executrix of the Estate of Gloria Neff, deceased, and on behalf of the wrongful death beneficiaries of Gloria Neff, prays for judgment against Defendant in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted,

_/s/ Jeffrey T. Sampson_
Jeffrey T. Sampson
THE SAMPSON LAW FIRM
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
(502) 584-5050

*Attorney for Plaintiff*

**11P001914**

| AOC-056-11<br>Rev. 12-87<br><br>Commonwealth of Kentucky<br>Court of Justice | CERTIFICATE<br>OF QUALIFICATION | Case No. _____<br><br>County __Jefferson__<br><br>Court District __Probate__ |

In Re: Estate of __Gloria Neff__

Proper petition having been filed and the Court having appointed __Gloria Suzanne Coke__ as __EXECUTRIX__ of the above estate on the __MAY 10 2011__ day of _____, 2011, and the fiduciary having filed in Court bond in the sum of $ __100__, the amount fixed, with __out__ as surety, which was approved by the Court, said fiduciary was thereupon sworn as required by law and thus qualified on the above date.

**MAY 10 2011**

The above Order and Qualification is in full force and effect this _____.

Attest: __CERTIFIED COPY OF RECORD__ Clerk
~~OF JEFFERSON DISTRICT COURT~~

By __DAVID L. NICHOLSON, CLERK__
BY ____ Deputy Clerk ____ D.C.



David L. Nicholson
Jefferson County Circuit Co[urt]
Circuit Court Division
Louis D. Brandeis Hall of Ju[stice]
600 West Jefferson Street
Louisville, Kentucky 40202



CERTIFIED MAIL

7011 1570 0001 7389 0619

$06.15
APR 26 2012
MAILED FROM ZIP CODE 40202

CSC-Lawyers Incorporating Servci Co.
421 W. Main St.
Frankfort, KY 40601

CERTIFIED MAIL
RETURN RECEIPT REQUESTED